Per Curiam.

Section 2723.01, Bevised Code, provides in part:
“Courts of Common Pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected * * * but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.”
When used in its broad sense, the word “taxes” may include a government imposed charge for a license, i. e., a license fee. See Mays v. City of Cincinnati, 1 Ohio St., 268, 273 et seq.; Adler v. Whitbeck (1886), 44 Ohio St., 539, 566, 9 N. E., 672; Bouvier’s Law Dictionary, Bawles Third Bevision (1914), *57 1976. When the word “taxes” is used in the conjunctive with the word “assessments,” it becomes much more apparent that those words together were intended to include a license fee. See Baker v. City of Cincinnati (1860), 11 Ohio St., 534, 543, 544.
If we do not recognize the words “taxes and assessments” in Section 2723.01, Revised Code, as including license fees, then there would be no right to “enjoin the illegal levy or collection” of license fees on the ground that the statute providing for them was unconstitutional. See Stephan, Treas., v. Daniels (1875), 27 Ohio St., 527, 533 et seq.
It is difficult to believe that the General Assembly would have intended to provide an injunctive remedy only with respect to illegally levied taxes and assessments other than license fees.
In Superior Films, Inc., v. Department of Education (1953), 159 Ohio St., 315, 112 N. E. (2d), 311, this court stated in the syllabus that the license fees here involved were “not discriminatory or unlawful” because they constituted “license fees and not a tax.” However, in the opinion, Judge Hart recognized that such license fees would be “taxes and assessments” within the meaning of those words as used in Section 2723.01, Revised Code.
In our opinion, the license fees here involved were “taxes and assessments” within the meaning of those words as used in that statutory section. Since the action for their recovery was not (to use the words of Section 2723.01, Revised Code) “brought within one year after the taxes and assessments [involved in the instant case] are collected,” any cause of action for their recovery was barred.

Judgment affirmed.

Taft, C. J., Zimmerman, Griffith and Herbert, JJ., concur.